Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 759 | DATE | 10/21/2004 |
| CASE TITLE | Ellis vs. Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Sheahan's motion for summary judgment is granted and Ellis's motion for summary judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 2 2 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | rbf | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLORIA ELLIS,)
)
Plaintiff,)
) Case No. 01 C 759
v.)
) Judge George M. Marovich
MICHAEL SHEAHAN, SHERIFF OF)
COOK COUNTY,)
) **DOCKETED**
Defendant.)
) OCT 2 2 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Gloria Ellis ("Ellis") filed a one-count Complaint against The Sheriff of Cook County, Michael Sheahan (the "Sheriff"), on February 2, 2001. Ellis alleges a violation of 42 U.S.C. §1983 on the basis that Sheahan deprived her of salary and seniority credit without due process. In response, Ellis filed a Cross-Motion for Summary Judgment on September 16, 2003. For the reasons set forth below, Sheahan's Motion for Summary Judgment is granted and Ellis's Motion for Summary Judgment is denied.

## BACKGROUND

Ellis began working as a correctional officer with Sheahan on September 1, 1987. She completed her probationary period exactly one year later. On July 24, 1998, Sheahan suspended Ellis without pay pending a termination hearing before the Cook County Sheriff's Merit Board ("Merit Board"). The Merit Board first heard Ellis's case on August 12, 1998, to determine whether Ellis violated several sections of General Orders 4.1, including: Section III A-2 (negligence resulting in injury to a staff member or inmate); Section III A-18 (making a false official report); Section III A-3 (desertion of post); Section III B-6 (failure to perform assigned tasks); and Section III A-17 (Engaging in conduct unbecoming an officer). These allegations



stemmed from incidents occurring on May 9, 1998, when Ellis was assigned to guard an inmate at the Cook County Hospital who slipped out of her shackles and jumped out of a window to her death.

Although the case first came before the Merit Board on August 12, 1998, it was delayed until May 27, 1999, in response to at least five motions by Ellis requesting postponement. The case was further continued by agreement to July 7, 1999, and then delayed again by Ellis's motions to September 23, 1999. The case was then continued by the court twice and later continued by agreement of the parties until January 9, 2000. Eventually, on April 17, 2000, Ellis was suspended for sixty days for violating three sections of General Orders 4.1. The suspension commenced on July 28, 1998, thus permitting Ellis's ongoing suspension to serve as completion of her sixty day punishment.

## DISCUSSION

I.  Standard of Review.

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Courtney v. Biosound, 42 F.3d 414, 418 (7th Cir. 1994).

II. Denial of Due Process

Ellis alleges in her Complaint that the Sheriff's refusal to pay back salary and return her to her original seniority date is a deprivation of her property without due process of law. When a correctional officer is suspended without pay, the Sheriff administers backpay in accordance with policies outlined in Washington v. O'Grady, 92-4432, (1st Dist., 2nd Div., June 30, 1994.). Depending on the circumstances, the Sheriff follows the appropriate standards. In cases where a correctional officer was totally vindicated, the Sheriff pays that person full backpay for the entire time of their suspension. This amount includes any and all the time the proceedings were delayed regardless of whom it was attributable to. In cases where a correctional officer is suspended but not terminated, the Sheriff deducts the suspension and the time of delays in the proceedings which can be attributed to the correctional officer. Finally, where the correctional officer is found guilty and terminated, the Sheriff provides no backpay. Ellis falls within the second category, however, she argues that she should receive payment and seniority credit for her suspension time, including the delays that she caused during her Merit Board hearing.

The Fourteenth Amendment forbids the deprivation of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. To present a viable due process violation, Ellis must show that she has a cognizable property interest and that property interest was deprived; through a denial of due process. Hudson v. City of Chicago, 03-2690, 2004 U.S. App. LEXIS 13809 at *11 (7th Cir. February 23, 2004). A constitutionally protected property interest is created by a statute or ordinance when it goes beyond mere procedural guarantees by providing some substantive criteria that limits the state's discretion, such as requiring that employees only be fired for cause. Cain v. Larson, 879 F.2d 1424, 1426 (7th Cir. 1989). Furthermore, due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

3

Ellis correctly contends that she has a property interest in her continued employment as a correctional officer, but she fails to show denial of due process. In support of her claim, Ellis points to 55 Ill. Comp. Stat. 5/3-7008, which requires a probationary period of twelve months, during which a correctional officer may be discharged at will. Since Ellis began working as a correctional officer on September 1, 1987, she surpassed the probationary period and can only be terminated for just cause, in accordance with 55 Ill. Comp. Stat. 5/3-7012. Carroll v. County of Cook, 90-760, 1995 U.S. Dist. LEXIS 6275, at **6-7 (N.D. Ill. May 5, 1995). Accordingly, this Court recognizes a correctional officer's property interest in her continued employment. However, Ellis's backpay was not deprived through a denial of due process.

Originally, Ellis claimed that the "Merit Board does not have the power to resolve the dispute between the parties about the amount of back salary to which the plaintiff is entitled. Nor does the Merit Board have the power to order the Sheriff to restore plaintiff to her original seniority date." (Complaint ¶11). This contention is incorrect and Ellis apparently concedes this in her own interpretation of Burton v. Sheahan, 98-5614, 2001 U.S. Dist. LEXIS 25789 (N.D. Ill. May 16, 2001). She noted that the Burton Court determined that the Merit Board must have the authority to award backpay if it finds the plaintiff has been suspended without cause for some period of time. (Plt.'s Mem. Supp. Sum. J. at 4.) That highly instructive case involved a correctional officer, Burton, who delayed his Merit Board hearing for four months and was eventually suspended. Burton, 2001 U.S. Dist. LEXIS. at *3. Similar to Ellis, Burton claimed that the Sheriff's refusal to pay backpay for Burton's delays effectively denied him salary without a procedure to raise a backpay claim. Id. at *14. The Court concluded that administrative review of the Merit Board's decision was a viable option, showing that a procedure is in place for Burton and Ellis to raise a claim of deprivation of backpay. Id. at *19.

4

Ellis's procedural due process claim also fails because other adequate processes are available to her. Ellis argues that § 1983 does not require her to exhaust all remedies. The Seventh Circuit has held that this is irrelevant because no due process violation occurs when adequate state remedies exist. Veterans Legal Defense Fund v. Schwartz, 330 F.3d 937, 941 (7th Cir. 2003); Dusanek v. Hannon, 677 F.2d 538, 543 (7th Cir. 1982). Although Ellis is not required to exhaust all possible procedures before bringing a § 1983 claim, she is prevented from raising a procedural due process claim while adequate procedural remedies exist and she simply did not avail herself of those remedies. See Zinermon v. Burch, 494 U.S. 113, 126 (1990). In this instance, just as in Burton, Ellis could have filed a mandamus action, which Illinois courts have recognized as a proper remedy to compel a public official to perform his duty to pay a salary to an employee who is lawfully entitled to it. Burton 98-5614, 2001 U.S Dist. Lexis 25789 at *21 (citing People ex rel. Hilger v. Myers, 252 N.E.2d 924, 926 (Ill. App. 1st Dist. 1969)); Chriswell v. Rosewell, 388 N.E.2d 175, 177 (Ill. App. 1st Dist. 1979). Another available option to Ellis was a state-court action under the Illinois Wage Payment and Collection Act, § 820 Ill. Comp. Stat. 115/1 (2004), which was created with the purpose of assisting employees who seek redress from employers for wrongfully withholding benefits. Miller v. J.M. Jones Co., 555 N.E.2d 820, 821 (Ill. App. 4th Dist. 1990); Glass v. Kemper Corp., 928 F. Supp. 928, 930 (N.D. Ill. 1986). Although these options were available to Ellis, she did not avail herself of them and therefore her claim of denial of procedural due process fails.

Ellis further contends that her suspension without pay pending her termination hearing resulted in a denial of due process because employees who receive discipline less than termination are to receive full backpay for their deprivation. Generally, a discussion of pre-termination procedures must include a balance of: 1) the private interest that will be affected by the official action; 2) the government's interest, including the function involved and any fiscal

5

and administrative burden that would be created by additional or substitute procedural requirements; and 3) the risk of an erroneous deprivation of such interest through the procedures used and the probable value of additional procedural safeguards. Mathews, 424 U.S. 319 at 335. In this instance, Ellis assumes this balance will tip in her favor and she skips directly to assessing appropriate remedies.

Although her assumption may be premature, her argument on the basis of remedies is also insufficient. Ellis cites two cases that declare public employees will receive full backpay and be restored to their respective ranks if they are permitted to return to work. Arnett v. Kennedy, 416 U.S. 134, 146 (1974); Ciechon v. City of Chicago, 634, F.2d 1055, 1058 (7th Cir. 1980). These cases, however, are distinguishable from the current case because neither of them concerns variations on backpay due to delays in a hearing caused by the plaintiff. As Sheahan is willing to pay certain amounts of backpay and reinstate certain periods of seniority, the delays are the key element to this case and Ellis ignores this in her brief. As such, this Court does not believe that Ellis's argument is relevant to the current issue and thus fails. The other arguments Ellis sets forth to show a due process violation are similarly untenable, therefore, her claim is unsuccessful.[1]

III. Equal Protection

Ellis contends that the Sheriff's policy affords different treatment to similarly situated persons. Both parties agree that the Equal Protection Clause requires the existence of a reason that is rationally related to a legitimate goal of government when the government treats similarly

---

[1] Although Sheahan's defense of qualified immunity is moot because of the deficiency of Ellis's claim, this Court takes the opportunity to remind Sheahan that no such defense can be raised when he is being sued in his official capacity as Sheriff. A fact already known to Sheahan. Ruehman v. Sheahan, 34 F.3d 525, 527, (7th Cir. 1994); Ruffino v. Sheahan, 218 F.3d 697, 700 (7th Cir. 1999).

situated people differently. Johnson v. Daley, 339 F.3d 582, 585 (7th Cir. 2003). It is further agreed that in cases where no suspect classification is involved, the classification must rationally advance a reasonable and identifiable governmental objective. Schweiker v. Wilson, 450 U.S. 221, 235 (1981).

Ellis fruitlessly argues that exonerated officers and suspended officers are similarly situated and that there is no rational basis for treating them differently. The only comparison presented by Ellis to show that exonerated officers and suspended officers are similarly situated is that both groups are permitted to return to work. This singular argument, however, is not convincing. There is a distinct difference between these groups, which is that one group was determined to have violated the Sheriff's General Orders. In such circumstances, it is reasonable and rational that the Sheriff follow a policy that does not permit payment to suspended officers for inducing delays in their Merit Board hearings. By denying such payment, the policy ensures that officers will not intentionally delay their hearings, thus earning salary without performing their duties as officers. Without such a policy, officers may be inclined to delay their hearings for months or even years resulting in the equivalent of a paid vacation. Furthermore, in a discussion of government interest pertaining to denial of due process, the Seventh Circuit recognized the government's interest in providing public safety. Hudson v. City of Chicago, 03-2690, 2004 U.S. App. LEXIS 13809 at *18 (7th Cir. February 23, 2004). The Sheriff has a distinct interest in resolving Merit Board hearings swiftly so that officers can return to work or replacements can be found and provide the appropriate level of public safety. Accordingly, this Court determines that officers exonerated by the Merit Board and those suspended by the Merit Board are not similarly situated. Furthermore, the differing classification of these groups rationally advances the reasonable and identifiable interest in reducing unnecessary expenses and providing for the public safety.

7

## CONCLUSION

For the reasons set forth above, Sheahan's Motion for Summary Judgment is granted and Ellis's Motion for Summary Judgment is denied.

ENTER:

/s/ George M. Marovich
George M. Marovich
United States District Judge

DATED: Oct. 21, 2004